# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X

ARUN VEJSEL and NAZA VEJSEL,

                              Plaintiffs,

    -against-

STATE FARM INSURANCE COMPANY

                              Defendant.
-----------------------------------------------------------------X

Filed:
INDEX NO. _____

Plaintiffs designate Richmond County as the place of trial

**SUMMONS**

The basis of venue is the Plaintiffs' address.

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: October 28, 2013
       Uniondale, New York

                                                  SPEIGHT & WORRICH, LLP
                                                  By:_____
                                                  Shawn J. Wallach, Esq.
                                                  Attorneys for Plaintiff
                                                  626 RXR PLAZA #6725
                                                  Uniondale, NY 11556
                                                  Ph: 516-665-0059
                                                  Fax: 516-224-3236

To:    State Farm Insurance Company
        100 State Farm Place
        Ballston Spa, NY 12020-8000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------X

ARUN VEJSEL and NAZA VEJSEL,

                Plaintiff(s)                      Index #:

       -against-                                COMPLAINT

STATE FARM INSURANCE COMPANY,

                Defendant(s).

------------------------------------------------------------X

Plaintiffs, by their attorneys, SPEIGHTS & WORRICH, LLP as and for their Complaint, respectfully allege, upon information and belief:

1. The Plaintiffs, Arun Vejsel and Naza Vejsel at all times herein mentioned were and still are resident of the County of Richmond and the State of New York.

2. The defendant, State Farm Insurance Company (hereinafter "State Farm") at all times herein mentioned, was and still is a foreign corporation licensed to do business in the State of New York.

3. At all times herein mentioned, defendant State Farm transacted business within the State of New York.

4. Plaintiffs are the owners of the home located at 564 Lynn Street, Staten Island, County of Richmond, and State of New York

5. At all times hereinafter mentioned Plaintiffs owned a policy of insurance underwritten by State Farm under Policy Number 56 GT 4396-5.

6. Said policy was sold by State Farm to the Plaintiffs.

7. On or about October 29, 2012 Superstorm Sandy struck New York and the surrounding areas causing widespread damage.

8. As a result of Superstorm Sandy, Plaintiffs sustained substantial damage to their home as a result of high wind speeds.

9. Plaintiffs submitted a claim to Defendant State Farm for wind damage caused to their property.

10. Plaintiffs asked that State Farm cover the loss to the Property as a result of wind damage pursuant to the policy.

11. Defendant State Farm assigned claim number 32-2012-383.

12. Defendant State Farm assigned an adjuster to inspect the Plaintiffs' premises.

13. Plaintiffs received payment based on State Farm's estimate which was not sufficient to cover the damage to their home as a result of the storm.

14. Plaintiffs have complied with all policy provisions and have cooperated fully with the investigation of this claim.

15. Defendant State Farm improperly adjusted the Plaintiffs' claim. Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.

16. Because Defendant State Farm and/or its agents, underpaid Plaintiffs on Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to their Property. This has caused additional, further damage to Plaintiffs.

17. Defendant State Farm and/or its agents, failed to properly adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

18. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

19. To date, Plaintiffs have been underpaid for the covered damage sustained to their premises.

20. Despite Plaintiffs' compliance with all policy provisions, Defendant refuses to fairly adjust the claim for damage.

21. All conditions precedent to recover have been performed, waived, or have occurred.

22. Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant State Farm failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

23. Defendant State Farm misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

24. Defendant State Farm failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

25. Defendant State Farm failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection,

regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

26. Defendant State Farm refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

27. Defendant State Farm refused to fully compensate Plaintiffs, without first causing Plaintiffs to institute legal action and/or the threat of legal action against it. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

28. Defendant State Farm failed to meet its obligations under the New York Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, paying all monies owed without forcing Plaintiffs to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

29. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

30. Defendant State Farm failed to meet its obligations under the New York Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

31. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. As a result of Defendant State Farm's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to these causes of action. Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

33. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

## FIRST CAUSE OF ACTION- BREACH OF CONTRACT AGAINST STATE FARM

34. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 33 as if same had been fully set forth herein.

35. According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from wind and/or other losses. As a result of the winds from Superstorm Sandy, ensuing losses from the wind, which is a covered peril under the Policy, Plaintiffs' property has been damaged.

36. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of New York, constitutes a breach of Defendant's contract with Plaintiffs.

37. As a result of this breach of contract, Plaintiffs have suffered damages by failing to have the funds needed to repair the premises and further damages described herein.

WHEREFORE, judgment is demanded in favor of Plaintiffs and against Defendant for:

a. Compensatory damages in an amount to be proven at trial;

b. Consequential damages;

c. Interest;

d. Attorney fees;

e. And such other relief as the Court deems just and equitable.

### SECOND CAUSE OF ACTION- BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING AGAINST DEFENDANT STATE FARM

38. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 37 as if same were fully set forth herein.

39. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis.

40. Defendant State Farm fails and refuses to properly investigate and value Plaintiffs' claims. Said failure is continuous and ongoing and constitutes a breach of the insurance contract.

41. Defendant State Farm has declined to cover extensive wind damage to Plaintiffs' premises on the pretext that it was not damaged, was not caused by a covered loss and/or was preexisting.

42. The covenant of good faith and fair dealing is implied in every contract in this State.

43. Said covenant requires an insurer to refrain from making an unfounded refusal to pay a claim, causing an unreasonable delay in making a payment, deceiving an insured and exercising any unfair advantage over an insured.

44. Defendant State Farm has violated the above covenant in its refusal to timely pay for covered losses and failing to promptly advise the insured of the losses that are covered under his policy.

45. Defendant failed to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

46. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

47. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

WHEREFORE, judgment is demanded in favor of Plaintiffs and against Defendant for:

    a. Compensatory damages in an amount to be proven at trial;

    b. Consequential damages;

    c. Punitive damages;

    d. Interest;

    e. Attorney fees;

    f. and such other relief as the Court deems just and equitable

## THIRD CAUSE OF ACTION- BAD FAITH AGAINST DEFENDANT STATE FARM

48. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 47 as if same were fully set forth herein.

49. By its acts, omissions, failures and conduct, Defendant has acted in bad faith pursuant to the laws of the State of New York.

50. Defendant's actions in failing to timely and properly pay the claim, failing to appropriately and fairly adjust the scope of the claim of the Plaintiffs and willfully and wantonly denying said claim rise to the level of bad faith.

51. Defendant had no reasonable basis or valid reason to willfully disregard damage that was a covered loss under the policy.

52. Defendant failed to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

53. Defendant denied benefits under this claim without a reason to do so.

54. Defendant conducted an outcome oriented investigation and refused to accept all of the evidence as it pertained to the loss.

55. Defendant's conduct has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was a covered loss.

56. All of the aforesaid acts and/or omissions were undertaken to increase Defendant's own profits at the expense of its insured.

57. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

WHEREFORE, judgment is demanded in favor of Plaintiffs and against Defendant for:

a. Compensatory damages in an amount to be proven at trial;

b. Consequential damages;

c. Punitive damages;

d. Interest;

e. Attorney fees;

f. And such other relief as the Court deems just and equitable.

### FOURTH CAUSE OF ACTION- VIOLATION OF GENERAL BUSINESS LAW § 349 AGAINST DEFENDANT STATE FARM

58. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 57 as if same were fully set forth herein.

59. Under New York GBL § 349 Defendant State Farm has a duty to refrain from engaging in deceptive acts or practices in conducting business in New York.

60. Defendant State Farm's conduct in making unfounded refusal to pay on the claim, underpaying on the claim, unreasonably delaying payment on the claim, refusing to pay on the claim until legal action was threatened and an attorney retained, conducting an outcome oriented investigation and deceiving the Plaintiffs into believing that their damages were not covered losses is a violation of aforesaid statute.

61. As a proximate result of Defendant State Farm's violation of GBL § 349 Plaintiffs have sustained damages.

62. Plaintiffs have a private cause of action as a result of the deceptive practices and are entitled to actual damages, attorney fees and treble damages.

WHEREFORE, judgment is demanded in favor of Plaintiffs and against Defendant for:

a. Compensatory damages in an amount to be proven at trial;

b. Consequential damages;

c. Punitive and/or treble damages;

d. Interest;

e. Attorney fees;

f. And such other relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs demand judgment against the Defendant in a sum that will fully compensate Plaintiffs for their damages being in excess of the lower Courts, together with the costs and disbursements of this action.

Dated: Uniondale, New York
October 28, 2013

SPEIGHTS & WORRICH, LLP

By: _____
Shawn J. Wallach Esq.

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice law in the State of New York, certifies that to the best of my knowledge, information and belief and after reasonable inquiry, under the circumstances, the annexed papers and contentions therein are not frivolous.

_____
Shawn Wallach Esq.